BROUSE v. PRICE.

PRACTICE—Where time is given within which to file a bill of excep-
tions, and the bill is signed by the Judge of the Court in time, but
the attorney fails to file it in time, because he was "called to some
other important professional business, and thinks the filing was
thereby overlooked and slipped his memory until the time had ex-
pired," the Court can not, for such reasons, if for any, give leave
to file it afterwards.

APPEAL from the *Howard* Common Pleas.

WORDEN, J.—Action by *Price* against *Brouse.* Judgment
for the plaintiff.

There were two paragraphs in the complaint, to which a
joint demurrer was filed and overruled. This ruling is as-
signed for error. No objection is pointed out to one of the
paragraphs, and we think none exists; hence, the ruling on
the demurrer was right. We have not examined the other
paragraphs as the judgment must be affirmed whether that
be deemed good or bad.

The only other questions raised are such as can be present-
ed by bill of exceptions only, and there is none in the record.
The Court gave twenty days within which to file a bill of ex-
ceptions, and none was filed within that time. The Court
was applied to for leave to file the bill after the time limited,
but the application was refused. The bill it seems was signed
by the Judge, in time to have had it filed within the time
limited, but about that time the attention of the appellant
"was called to some other important professional business,
and he thinks the filing was thereby overlooked at the time,
and slipped his memory until the time had expired."

. It is clear that this was not a proper case for granting leave
to file a bill of exceptions after the time limited, even if it
could be done in any case.

*Per Curiam.*—The judgment below is affirmed, with costs, and 1 per cent. damages.

*Brouse & Havens,* for the appellant.

*N. R. Linsday,* for the appellee.